UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANVS CORPORATION,

       Plaintiff,

v.                                          Case No:   2:14-cv-99-FtM-38MRM

NIVISYS, LLC,

       Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff Canvs Corporation's ("Canvs") Motion to Strike Non-Listed Extrinsic Evidence and Newly Raised Issues Derived Therefrom (Doc. #58) filed on August 5, 2015.  Defendant Nivisys, LLC ("Nivisys") filed a Response in Opposition (Doc. #60) on August 24, 2015. The matter is ripe for review.

### Discussion

The issue before the Court is whether Nivisys should be allowed to rely on four extrinsic pieces of evidence that were not identified in the Joint Claim Construction Statement (Doc. #36), as required by the Court's Case Management and Scheduling Order (Doc. #30), in the upcoming claim construction hearing.  (Doc. #58).  Those four pieces of evidence include 1) U.S. Patent No. 5,035,472; 2) the definition of "line of sight" found in Webster's 3rd New Int'l Dictionary (2002); 3) the definition of "line" found in the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Wolfram Mathematical Dictionary; and 4) a graphic illustrating of the difference between a "line of sight" and a "field of view."  (Doc. #58 at 1).  Canvs avers that allowing Nivisys to usurp the Court's deadlines and rely on this evidence would deprive it of "proper notice and due process."  (Doc. #58 at 4).

Nivisys responds by explaining that two of these pieces of evidence – the '472 Patent and the graphic illustration – are not presented as extrinsic evidence for the purpose of supporting its proposed constructions.  Rather, these pieces of evidence are presented merely "as attorney argument."  (Doc. #60 at 1-2).  As to the remaining pieces of evidence in the form of definitions, Nivisys points out that it has always argued the term "line of sight" should be given its plain and ordinary meaning.  (Doc. #60 at 3 (citing the Joint Claim Construction Statement (Doc. #46 at 4)).  And an issue regarding this plain and ordinary meaning arose only after Canvs' expert, James Gillespie, was "unable to articulate a definition for the term 'line' during his deposition."  (Doc. #60 at 5).

The Court shares Canvs' concerns as to Nivisys disregarding the Court's deadlines.  But the evidence at issue appears minor enough that Canvs will not be prejudiced by its inclusion. The first piece of evidence, the '472 Patent, is mentioned only in a footnote in the introduction section of Nivisys' Brief.  (Doc. #46 at 1). It is not submitted as extrinsic evidence to support a proposed construction, and the Court will not rely on it as such.  The second piece of evidence, the graphic illustration, simply rehashes Nivisys' proposed construction for claim 2, it does not present a new argument.  (Doc. #46 at 5-6).  There is no need for the Court to rely on this graphic, as the proposed construction for claim 2 is set out elsewhere in the Brief.  But there is no need to strike it either, as there is no prejudicial effect by its inclusion.

The third and fourth pieces of evidence, the dictionary definitions, pose a different situation because they are offered as substantive evidence in support of Nivisys' proposed constructions (Doc. #46 at 5).  If the Court was not holding a claim construction hearing, it might agree with Canvs' prejudice argument.  But Canvs has been aware of Nivisys' intent to use these definitions for over two months now.[2]  And it is doubtful that Canvs could not prepare a reply to two dictionary definitions in that time frame.  With that being said, the Court will allow Canvs ample time at the hearing to offer any reply it has as to these two definitions. *See Pulse Eng'g, Inc. v. Mascon, Inc.*, No. 08CV0595JM(AJB), 2009 WL 250058, at *3 (S.D. Cal. Feb. 3, 2009) (explaining that the "disorderly revelation of supporting extrinsic evidence [by the accused infringer] would seem to have little, if any, effect on [the Patentee's] ability to present its own interpretations of various patent terms").

The Court warns Nivisys that it must strictly adhere to future deadlines.

Accordingly, it is now

**ORDERED:**

Plaintiff Canvs Corporation's Motion to Strike Non-Listed Extrinsic Evidence and Newly Raised Issues Derived Therefrom (Doc. #58) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 16th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Canvs avers "there is no [r]eply [b]rief set forth in the Court's [r]ules and thus no briefing opportunity, prior to the oral hearing, for [it] to [r]eply to new exhibits." (Doc. #58 at 3).  But Canvs never sought leave to file a reply, even after it discovered Nivisys used these four pieces of evidence in its Brief.